# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Michael Edward Clark,

    Plaintiff

v.

Las Vegas Metropolitan Police Department,

    Defendant

Case No.: 2:19-cv-02178-JAD-NJK

**Order Granting Defendant's Motion for Summary Judgment in Part; Denying Plaintiff's Motion for Summary Judgment, and Motion to Amend; and Remanding Case**

[ECF Nos. 21, 26, 34, 38]

      Last year, pro se plaintiff Michael Edward Clark sued the Las Vegas Metropolitan Police Department (LVMPD) in state court for his allegedly unlawful arrest.[1]  LVMPD removed the case to this court and now moves for summary judgment based on a host of immunities and deficiencies in Clark's case.[2]  Clark also moves for summary judgment and seeks to extend the deadline to amend his complaint—months after the date to do so has passed.[3]  Because Clark has failed to show that a genuine issue of fact exists about whether LVMPD has a policy or custom that injured him under *Monell*, I grant summary judgment in LVMPD's favor on his federal claims.  I deny Clark's motions for summary judgment because he has not presented any evidence showing that he is entitled to such relief.  And I deny his motion to amend the scheduling order because he has not shown that good cause exists to do so nor has he shown that his failure to timely move to extend the deadline is the product of excusable neglect.

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 34 (LVMPD's motion for summary judgment).

[3] ECF Nos. 38 (Clark's motion for summary judgment), 26 (Clark's motion for judgment), 21 (Clark's motion to amend).

An important procedural hitch frames my decision here—the only named defendant in this case is LVMPD. So while LVMPD dedicates much of its briefing to defending its employees, I need not and do not consider arguments in favor of a yet-unnamed and unserved defendant. Given Clark's failure to timely name any individual defendant in this case, I dismiss his claims against all unnamed defendants. Because that leaves Clark with only state-law claims against LVMPD, which I decline to exercise supplemental jurisdiction over, I remand the rest of this case back to state court.

## Background[4]

In the Summer of 2017, Clark was at his apartment with two teenagers, whom he claims are family friends.[5] After receiving an anonymous report that the girls did not live with Clark, LVMPD officers went to Clark's apartment to conduct a welfare check.[6] But when they arrived, Clark refused to let them inside because the officers did not have a warrant and, according to Clark, the teenagers were not in any danger.[7] After the officers unsuccessfully attempted to get Clark to let them inside, they threatened to arrest him for obstruction if he did not comply.[8] Rather than let them inside, Clark told the officers to arrest him.[9] The officers called Clark's

---

[4] This is merely a summary of Clark's allegations and not findings of fact.

[5] *See* ECF No. 25 at 3; ECF No. 38 at 11. The declaration of arrest is attached to Clark's motion and to LVMPD's motion for summary judgment.

[6] ECF No. 38 at 11.

[7] *Id.* at 11–12.

[8] *Id.* at 12.

[9] *Id.*

bluff and arrested him before searching his apartment.[10]   Clark then spent the night in jail and was released the next day; the charges against him were dropped.[11]

Clark sued LVMPD in state court under both federal and state laws for the incident, and LVMPD timely removed the action to this court.[12]   After Clark moved to remand this case back to state court, LVMPD filed a proposed discovery plan and scheduling order setting the cut-off dates for discovery, pleading amendment, and dispositive motions.[13]   But according to LVMPD, Clark refused to sign the document.[14]   The magistrate judge entered a scheduling order in February, but discovery stalled when Clark refused to participate.[15]   A brief timeline of discovery in this case is helpful to understand the timing of Clark's request.

| | |
|---|---|
| **January 16, 2020** | Rule 26(f) telephonic conference[16] |
| **February 7, 2020** | Discovery plan and scheduling order entered[17] |
| **February 18, 2020** | Hearing on Clark's motion to remand[18] |
| **February 27, 2020** | 21-day deadline to request an extension for the pleading-amendment deadline |
| **March 31, 2020** | Clark sends discovery requests to LVMPD[19] |
| **May 7, 2020** | Last day to amend pleadings |
| **May 20, 2020** | Clark files a motion to extend pleading-amendment deadline[20] |

---

[10] *Id.*

[11] ECF No. 1-1 at 4; ECF No. 38 at 14–15.

[12] ECF No. 1-1; ECF No. 1.

[13] ECF No. 17.

[14] *Id.* at 5.

[15] ECF No. 19; ECF No. 27 (order extending scheduling order deadlines).

[16] ECF No. 18.

[17] *Id.*

[18] ECF No. 20.

[19] ECF No. 21 at 3–4.

[20] Clark titled his motion as one "to amend the civil complaint after discovery and a disposition [sic] hearing to be held after discovery."  ECF No. 21.  After reviewing the motion, I liberally

**Discussion**

**I.      Clark's motion for leave to amend and extend discovery [ECF No. 21]**

Under this court's rules, a party seeking to extend the deadlines imposed by a discovery plan or scheduling order must state the reasons for the request and must file it at least 21 days before the deadline.[21]  While missing this deadline does not foreclose the possibility of a second chance, the party requesting an extension outside of the rules' allotted timeframe "will not be granted [relief] unless" he demonstrates both good cause and "that the failure to act was the result of excusable neglect."[22]  Excusable neglect depends on four equitable factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[23]

More than a month after the pleading-amendment deadline expired, Clark moved to amend his complaint to name the LVMPD officers at issue in this case.  But as Clark's motion shows, he is still unsure of who those officers are.  He maintains that he cannot know "the names of all involved until after discovery and a [deposition]" because "[t]his is a case that deal[s] with over 25 years of harassment."[24]  Clark notes that he served discovery requests on LVMPD to try to learn the names at the end of March—after the deadline to amend his complaint but before the close of discovery.[25]  Clark then waited until May to file his motion seeking leave to amend his complaint.  Because it appears from Clark's motion that what he wants is to amend his complaint

---

construe it as one to amend the scheduling order because he would first need to extend the deadlines in that order to be permitted to amend and perform the requested discovery.

[21] L.R. IA 6-1; L.R. 26-3.

[22] L.R. IA 6-1; L.R. 26-3; Fed. R. Civ. P. 6(b)(1)(B).

[23] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

[24] ECF No. 21 at 1.

[25] *Id.*

after initial discovery is complete and he has taken a deposition, but not at this point, I construe it as a request to extend the deadline for amending pleadings.[26]

Clark has demonstrated neither good cause nor excusable neglect for waiting months to file his motion.  Instead, it appears that Clark was hoping to avoid naming the defendants and participate in discovery because LVMPD "wants to go to trial and not settle out of court," ultimately leaving Clark with "no choice but to request an amendment."[27]  Considering all of the circumstances of this case, I find that Clark has not shown a justifiable reason to further delay this case.

The equitable factors, as applied here, caution against finding excusable neglect.[28] Discovery has closed, and allowing Clark to amend his complaint to add new parties would cause a cascading delay in this litigation.  His actions in this case also show that the reason for delay was that he was unwilling to meaningfully participate in discovery[29] despite his demands for discovery from LVMPD.[30]  The reason for Clark's delay was not simply that he did not understand the rules—it was an attempt to thwart them because he did not think that LVMPD deserved discovery.  But Clark cannot have his cake and eat it too.  This indicates that Clark was not acting in good faith because he was aware of the discovery process, but hoped that LVMPD would simply settle instead of him making Clark litigate his claims, and it tips the fourth factor

---

[26] *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants . . . . ").

[27] ECF No. 21 at 2.

[28] Though it is unclear what prejudice LVMPD would suffer if Clark was permitted to name the individual defendants, the remaining three factors weigh against finding excusable neglect.

[29] *See, e.g.*, ECF No. 24 at 2 (explaining that he believes he "do[es] not owe [any] discovery to" LVMPD and that he has "no reason to submit . . . discovery to the defense" because he "did nothing illegal").

[30] *See* ECF No. 21 at 1.

in LVMPD's favor.  Because Clark has not met his burden to change deadlines so late in the game, I deny his motion.  Importantly, I make it clear that I do not deny Clark's motion on a mere "technicality"—I do so based on his refusal to participate in discovery, which precludes him from being able to show that his failure to meet the deadlines imposed by this court is the product of excusable neglect.

While pro se plaintiffs are granted leniency, they must still follow the court's rules and deadlines.[31]  And though I am sympathetic to the challenges that Clark faces litigating without an attorney, Clark is a seasoned pro se litigant in this courthouse and he received ample notice of the deadlines and that he needed to closely monitor them.  For example, the scheduling order lists the amendment deadline and explicitly warns of the 21-day extension requirement.[32]  I also told Clark at a hearing in February that he would have to diligently follow the court's rules, and I explained that if he was unable to obtain discovery from LVMPD, he would have to file a motion to compel.  When Clark asked how he could amend the scheduling order to stop discovery, I clarified that he would have to file a motion to do so.  I then went through the deadlines and gave Clark a printed copy of the scheduling order.  It is thus clear to me that Clark was apprised of the deadlines that he needed to follow and the means for seeking an extension of any of them, but he did not timely do so and also did not move to compel discovery from LVMPD.

Because I deny Clark's motion to reopen and extend the deadline to amend pleadings, he is left with a complaint that contains allegations against LVMPD and unnamed Doe defendants. Although a plaintiff is given "an opportunity through discovery to identify" unknown "Doe"

---

[31] *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

[32] ECF No. 18 at 4.

defendants, the time to do so is not infinite.[33]  Discovery is now closed and Clark has not shown that, even if I were to grant his motion, he has learned the individuals' names through discovery. I therefore dismiss Clark's claims against the unnamed defendants, leaving LVMPD as the only defendant in this case.

**II.      Motions for summary judgment [ECF Nos. 26, 34, 38]**

With all claims against the unnamed defendants resolved, I now turn to Clark's claims against LVMPD.  But before determining whether summary judgement is appropriate, I must first parse out what Clark's claims against LVMPD are.  While the court generally screens cases filed by pro se prisoners[34] or plaintiffs seeking to litigate *in forma pauperis*,[35] Clark does not fall under either category—so his complaint has not yet been reviewed.[36]

LVMPD maintains that Clark's complaint includes causes of action for false arrest and false imprisonment under state law and a 42 U.S.C. § 1983 *Monell* claim.[37]  But a liberal reading of Clark's five-page complaint reveals that he alleges a § 1983 *Monell* claim and, contrary to LVMPD's reading, three state-law claims: (1) false arrest, (2) false imprisonment, and (3) negligent supervision.[38]

---

[33] *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[34] 28 U.S.C. § 1915A(a).

[35] 28 U.S.C. § 1915(e)(2).

[36] Clark is not a prisoner and, although he hoped to proceed *in forma paupers*, did not need to do so because this case was removed, leaving him without the need to prepay a filing fee.

[37] ECF No. 34 at 2.

[38] ECF No. 1-1 at 5.  Although Clark alleged other federal causes of action in his complaint, those § 1983 claims were against the individual officers, which I have already dismissed.

### A.      Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[39]  If parties both move for summary judgment on the same claim, "the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[40]  When the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[41]  But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence that shows the absence of a genuine material factual issue.[42]

### B.      Clark's federal claims against LVMPD

Clark seeks to hold LVMPD liable for its officers' actions under federal law.  But generally, municipalities are not liable under § 1983 unless the "municipality *itself* causes the constitutional violation at issue."[43]  In *Monell v. Department of Social Services*, the Supreme Court held that liability extends to a local government only when the constitutional violation was the result of its policy, practice, or custom, or a decision-making official directed or ratified the

---

[39] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[40] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two,* 249 F.3d 1132, 1134 (9th Cir. 2001)).

[41] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[42] *Celotex*, 477 U.S. at 323.

[43] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

8

complained-of conduct.[44]  Thus, to succeed on a *Monell* claim, a plaintiff must show that the policy or lack thereof caused his injury.[45]

A plaintiff may bring a *Monell* claim under a theory of omission when a municipality's oversight amounts to deliberate indifference to a constitutional right.[46]  For an omission-based *Monell* claim like failure to train or supervise, a plaintiff must show, among other things, "that the municipality had a policy" that "'amounts to deliberate indifference' to [his] constitutional right."[47]  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[48]  A plaintiff can establish deliberate indifference by demonstrating that either "[a] pattern of similar constitutional violations by untrained employees" exists or "the unconstitutional consequences of failing to train" are "so patently obvious that a city could be liable . . . without proof of a pre-existing pattern of violations."[49]  The latter showing, called "single-incident liability," is "rare" and occurs only "in a narrow range of circumstances."[50]

LVMPD argues that there is no evidence that it had a policy of arresting individuals without probable cause or that it failed to train its employees.[51]  For his part, Clark offers a

---

[44] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[45] *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

[46] *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

[47] *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton*, 489 U.S at 389–91).

[48] *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation omitted).

[49] *Id.* at 62–64 (quotation omitted).

[50] *Id.*

[51] ECF No. 34 at 12.

9

declaration of arrest and the judgment dismissing his criminal case.[52]  According to Clark, these documents prove that he did nothing illegal, validating his claims that his arrest and imprisonment were false.[53]  But these documents do not show that his allegedly unlawful arrest was the result of a policy, practice, or custom.  The closest Clark comes is a few lines in his motion, which assert that "[t]he police do have a history of them doing this many times,"[54] that "the LVMPD will have to explain past history of constitution[al] violation.  The police have a big history of violated [sic]," and he lists his previous encounters with the police.[55]  But Clark has not provided any evidence that suggests a pattern of unconstitutional arrests by LVMPD.  Though I am cognizant of Clark's unpleasant history with LVMPD, his anecdotal reports fall short of what is necessary to obtain or defeat summary judgment on this *Monell* claim.

Because Clark has not produced evidence showing that LVMPD can be held liable under *Monell*, I deny his motions for summary judgment.  For the same reason, I grant LVMPD's motion for summary judgment on the same claims. What remains are Clark's state-law claims against LVMPD for false arrest, false imprisonment, and negligent supervision.

### C.    I remand Clark's state-law claims against LVMPD back to state court.

With all of Clark's claims against the unnamed defendants and his federal claims against LVMPD resolved, I turn to Clark's three remaining state-law claims against LVMPD.  Federal courts are courts of limited jurisdiction, and they maintain supplemental jurisdiction over state-law claims that "are so related to claims in the action" that they form the same case or

---

[52] ECF No. 38 at 11–15.

[53] *Id.* at 4, 7; ECF No. 25 at 1, 3.

[54] ECF No. 38 at 3.

[55] *Id.* at 6.

controversy with the claims over which the court has jurisdiction.[56]  But once a plaintiff's federal claims are gone, the court may decline to exercise supplemental jurisdiction over the remaining state-law claims.[57]  Because I have dismissed Clark's only federal claim, I decline to exercise supplemental jurisdiction over his remaining claims against LVMPD, all of which are based on state law, and remand those claims back to state court where they originated.  So this case will return to the state court and proceed there only on Clark's claims against LVMPD for false arrest, false imprisonment, and negligent supervision.[58]

**Conclusion**

IT IS THEREFORE ORDERED that Clark's motion to amend his complaint **[ECF No. 21] is DENIED**.

IT IS FURTHER ORDERED that LVMPD's motion for summary judgment **[ECF No. 34] is GRANTED in part**.  Summary judgment is granted in favor of LVMPD on Clark's *Monell* claim under 42 U.S.C. § 1983.  LVMPD's motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that Clark's motion for judgment **[ECF No. 26]** and motion for summary judgment **[ECF No. 38] are DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-18-779309-C** and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
November 23, 2020

---

[56] 28 U.S.C. § 1367(a).

[57] *Id.* § 1367(c)(4); *see Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court.").

[58] The future fate of these claims will be up to the state court.  In no way does this order seek to dictate (and this court lacks the power to dictate) what happens in the state court from this point.

11